## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DEON JOHNSON,

                Petitioner,                Case No. 2:19-cv-13347
                                                  Honorable Sean F. Cox

v.

MIKE BROWN,[1]

                Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION FOR A WRIT OF HABEAS CORPUS [ECF NO. 12], DISMISSING THE PETITIONS [ECF NO. 1, 11], DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Deon Johnson, a Michigan state prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted at a jury trial in Genesee County Circuit Court on charges of first-degree criminal sexual conduct (personal injury), Mich. Comp. Laws § 750.520b(1)(f), for which he is serving a prison term of twenty-five to thirty-seven and a half years; and two counts of restricting and obstructing a police officer, Mich. Comp. Laws § 750.81(d)(1), for

---

[1]  The caption is amended to reflect the proper respondent in this case, the warden of the prison where Petitioner is currently incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rules Governing § 2254 Cases, Rule 2(a), 28 U.S.C. foll. § 2254.

which he was sentenced to three to fifteen years. Petitioner's original application for habeas relief raised four trial- and appeal-related claims of error (ECF No. 1), to which Respondent has filed an answer. (ECF No. 9.) Petitioner has also filed a motion to amend his petition, proposing to add six sentencing-related challenges. (ECF Nos. 11, 12.)

Because Petitioner's amended petition was timely and all issues were properly exhausted, the Court will grant his motion to amend the petition. However, Petitioner's sentencing challenges lack merit and the claims in the amended petition will be summarily dismissed. Further, Petitioner is not entitled to relief on the issues raised in his original petition, as those claims are procedurally defaulted and are otherwise meritless.  Accordingly, the Court will deny the petition for a writ of habeas corpus. The Court also declines to issue a certificate of appealability or to grant Petitioner leave to proceed *in forma pauperis* on appeal. An explanation follows.

## I.   Background

The Michigan Court of Appeals provided the following summary of Petitioner's case:

> Defendant brutally raped a friend's 61-year-old mother whom defendant referred to as "Mom." The sexual assault occurred in defendant's kitchen. Defendant's DNA was recovered during a forensic examination of the victim. The nurse who conducted a sexual assault evaluation testified that there were large vaginal tears, the size of which the nurse had never seen before. There were also signs of blunt force

trauma to the vaginal canal. The victim described terrible pain, indicating that her pants were full of blood as a result of the attack. She was found crying, distraught, anxious, and embarrassed. When confronted by investigating police officers, defendant ran and then refused to comply with orders to put his arms behind his back after he was apprehended. Defendant told police that he did not sexually penetrate the victim, but at trial he changed his story to fit the forensic evidence, claiming that the sexual intercourse was consensual.

*People v. Johnson (Johnson III)*,[2] No. 349447, 2020 WL 6816512, at *1 (Mich. Ct. App. Nov. 19, 2020). Petitioner was convicted by a Genesee County Circuit Court jury on first-degree criminal sexual conduct (CSC I), Mich. Comp. Laws § 750.520b(1)(f), and two counts of resisting or obstructing a police officer, Mich. Comp. Laws § 750.81d(1). *People v. Johnson (Johnson I)*, No. 322179, 2015 WL 6438255, at *1 (Mich. Ct. App. Oct. 22, 2015). Following his convictions, the trial court sentenced Petitioner to fifteen to thirty years' incarceration for the CSC1 conviction and six to fifteen years for the resisting/obstructing convictions. *Johnson III*, 2020 WL 6816512, at *1.

---

[2] As explained in greater detail in the text, Petitioner's case was heard by the state appellate courts three times: First, on direct appeal following his original conviction and sentence, *People v. Johnson (Johnson I)*, No. 322179, 2015 WL 6438255, at *1 (Mich. Ct. App. Oct. 22, 2015), *lv. to appeal denied,* 503 Mich. 853 (Aug. 8, 2018); second, on an application for leave to appeal the trial court's denial of a post-conviction motion for a new trial, *People v. Johnson (Johnson II)*, Docket No. 339469 (Mich. App. Sept. 26, 2017) (unpublished order), *lv. to appeal denied,* 501 Mich. 1039 (Apr. 3, 2018); and finally, an appeal by right following re-sentencing, *People v. Johnson (Johnson III)*, No. 349447, 2020 WL 6816512 (Mich. Ct. App. Nov. 19, 2020), *lv. to appeal denied*, 507 Mich. 933 (2021).

Petitioner filed a direct appeal by right, arguing through his appointed appellate attorney that he received ineffective assistance of trial counsel, that insufficient evidence supported his restricting and obstructing conviction, and that three variables under the Michigan Sentencing Guidelines system had been improperly scored. (Mich. Ct. App. Rec., No. 322179, ECF No. 10-11, PageID.1360.) Petitioner submitted a supplemental brief *pro se*,[3] challenging testimony presented at trial as well as the scoring of additional offense variables in calculating his sentencing range under the guidelines. (*Id.* at PageID.1469.) The prosecution filed a cross-appeal, arguing that Michigan's habitual offender scheme mandated that an individual with Petitioner's criminal history receive a minimum term of twenty-five years for the first-degree criminal sexual conduct conviction. (*Id.* at PageID.1343.)

The Michigan Court of Appeals affirmed Petitioner's convictions but remanded the case to the trial court for resentencing. *Johnson I*, 2015 WL 6438255, at *11. The court of appeals directed the lower court to impose the twenty-five year minimum as argued by the prosecution; to clarify an ambiguous matter in the scoring of one of the prior record variables, PRV 2; and to explain why it exceeded the

---

[3] Michigan criminal defendants have a right to file a brief *in propria persona* for claims they seek to raise on appeal, if appointed counsel does not include those grounds in their pleadings. *See* Standard 4, Michigan Supreme Court Administrative Order No. 2004-6, 471 Mich c, cii (2004) (establishing minimum standards for criminal defense appellate services).

4

recommended guideline range in Petitioner's sentence for the restricting and obstructing convictions. *Id.* at *10, *11.

On Petitioner's application for leave to appeal that decision, the Michigan Supreme Court stayed the matter until another, potentially dispositive case was decided. *People v. Johnson*, 885 N.W.2d 464 (Mich. 2016). On August 8, 2018, following the resolution of the related case, the court denied Petitioner leave to appeal. *Johnson I*, 503 Mich. 853.

Following the Michigan Supreme Court decision in *Johnson I*, the procedural history of Petitioner's case becomes somewhat convoluted. Before the high court stayed his application for leave to appeal, Petitioner filed a motion for a new trial in the trial court. (Mich. Ct. App. Rec., No. 339469, ECF No. 10-13, PageID.1818, 1820.) The trial transcript indicated that when the jury was polled after delivering the guilty verdict, one juror denied agreeing to the verdict. (*See* Trial Tr., 4/1/2014, ECF No. 10-7, PageID.1143.) Petitioner argued this demonstrated the violation of his right to be convicted by a unanimous jury. (ECF No. 10-13, at PageID.1805.) He also claimed his due process rights were infringed when the trial court corrected the transcript outside his presence, and that the court erred when it denied his motion for a new trial without an evidentiary hearing. (*Id.*)

The trial court disagreed, explaining that it reviewed the video record of the jury poll several times, and agreed with the transcriber that the "[n]o" captured on

the original transcript was in error. (Trial Ct. Order, 8/9/2016, *id.* at PageID.1822.)

Because "there was a unanimous verdict," the court found no reason to order a new

trial. (*Id.*)

According to the Michigan Court of Appeals docket,[4] on July 31, 2017, almost

a year after the trial court's ruling on the juror- and transcript-related issues,

Petitioner filed a delayed application for leave to appeal. The court of appeals denied

leave because the application was not filed within the six-month time period set by

the Michigan Court Rules, and Petitioner met none of the exceptions under the

pertinent rule. *Johnson II*, unpublished order (Mich. App. Sept. 26, 2017) (citing

Mich. Ct. R. 7.205(G)(3), (G)(4)) (*see also* ECF No. 10-13, PageID.1793). The

Michigan Supreme Court denied leave to appeal on April 3, 2018. *Johnson II*, 501

Mich. 1039.

As noted above, shortly thereafter, in August 2018, the state supreme court

denied leave in Petitioner's original appeal. *Johnson I,* 503 Mich. 853. This

permitted the court of appeals' remand for Petitioner's resentencing to proceed. On

May 20, 2019, a successor judge resentenced Petitioner to the twenty-five year

minimum mandated by Mich. Comp. Laws § 769.12(1)(a). *Johnson III*, 2020 WL

---

[4]     *See*     Court     of     Appeals     Docket     No.     339469,
https://www.courts.michigan.gov/c/courts/coa/case/339469. "[I]t is well-settled that
federal courts may take judicial notice of proceedings in other courts of record."
*United States v. Mont*, 723 F. App'x 325, 327 n.3 (6th Cir.), *cert. granted*, 139 S. Ct.
451 (2018), *and aff'd on other grounds*, 139 S. Ct. 1826 (2019) (citation omitted).

6816512, at *2. The court also resolved the ambiguity in the guidelines score for PRV 2, and reduced Petitioner's sentence for the restricting and obstructing convictions from six to fifteen years to three years and ten months to fifteen years. (Sent. Hrg. Tr., 5/20/19, PageID.1196-1200, 1207.)

Following resentencing, Petitioner filed another appeal by right through appointed counsel. *See Johnson III*, 2020 WL 6816512. While that appeal was pending, on November 1, 2019, Petitioner filed his original habeas petition in the instant case. (ECF No. 1.) In it, Petitioner raised the same issues as those presented in his post-conviction motion for a new trial and subsequent appeal, relating to the purported lack of a unanimous jury. (*Id.*) Respondent filed an answer to the petition and Rule 5 materials on May 20, 2020. (ECF Nos. 9, 10.) Respondent acknowledged Petitioner's resentencing and subsequent appeal, and provided this Court the appellate court record for *Johnson III* as it existed to that point. (*See* Mich. Ct. App. Rec., No. 349447, ECF No. 10-14.)

Contemporaneously, Petitioner's resentencing appeal proceeded through the state appellate courts. Counsel raised a single issue, that the twenty-five-year mandatory minimum of Mich. Comp. Laws § 769.12(1)(a) was constitutionally invalid. (EC No. 10-14, PageID.1873.) Petitioner filed a Standard 4 brief, challenging the scoring of several prior record and offense variables under the Michigan sentencing scheme. *See Johnson III*, 2020 WL 6816512, at *6-*7. The

court of appeals affirmed Petitioner's sentences, *id.* at *1, and the Michigan Supreme Court denied leave to appeal, on April 27, 2021. 507 Mich. 933.

Finally, in March 2022, Petitioner filed an amended habeas petition and a motion for leave to amend. (ECF Nos. 11, 12.) Between the original and amended petitions, the following claims of error are now before the Court:

> I.    THE MICHIGAN COURT OF APPEALS ABUSED ITS DISCRETION IN FAILING TO CONSIDER WHETHER APPELLANT HAD GOOD CAUSE FOR FAILING TO FILE HIS APPLICATION FOR LEAVE TO APPEAL WITHIN THE TIME LIMITS PROVIDED BY COURT RULE AND WHETHER HE WAS ENTITLED TO EQUITABLE TOLLING.

> II.   PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHTS TO A FAIR AND IMPARTIAL JURY TRIAL DUE TO HIS CONVICTION BASED ON A HUNG JURY.

> III.  PETITIONER WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW WHERE AN ERROR IN HIS TRANSCRIPTS WAS ALLEGEDLY CORRECTED OUTSIDE OF HIS PRESENCE.

> IV.   THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED PETITIONER'S MOTION FOR A NEW TRIAL WITHOUT CONDUCTING AN EVIDENTIARY HEARING.

(Pet., ECF No. 1, PageID.4-7; Am. Pet., ECF No. 11, PageID.1987-90.)

> V.    MR. JOHNSON'S SENTENCE WAS CONSTITUTIONALLY INVALID. HIS 25 YEAR MANDATORY MINIMUM VIOLATED BOTH HIS STATE AND FEDERAL RIGHT TO BE FREE FROM CRUEL AND/OR UNUSUAL PUNISHMENT.

VI.   [THE] TRIAL COURT ERRONEOUSLY ASSESSED DEFENDANT JOHNSON 20 POINTS UNDER PRV 2 CONTRARY TO MCLA 333.7411.

VII.   THE TRIAL COURT SHOULD NOT HAVE USED DEFENDANT'S CONVICTION OF FLEEING AND ELUDING POLICE OFFICER 3RD TO ENHANCE HIM TO A FOURTH DEGREE HABITUAL.

VIII.   DEFENDANT JOHNSON IS ENTITLED TO RESENTENCING WHERE THE TRIAL COURT ERRONEOUSLY SCORED DEFENDANT 10 POINTS FOR PRV 3, 5 POINTS FOR PRV 5, 20 POINTS FOR PRV 6, AND 20 POINTS FOR PRV 7.

IX.   DUE PROCESS REQUIRES RESENTENCING WHERE THE LEGISLATIVE SENTENCING GUIDELINES WERE MISCCORED AS TO OFFENSE VARIABLES 3, 4, 10, 13, 19, RESULTING IN A SENTENCE BASED ON INACCURATE INFORMATION.

X.   DEFENDANT JOHNSON IS ENTITLED TO RESENTENCING WHERE THE TRIAL COURT AMENDED HIS SENTENCE ON ITS OWN INITIATIVE TO ADD A MANDATORY MINIMUM HABITUAL OFFENDER SENTENCE.

(ECF No. 11.)

Respondent argues in response to the original petition that Petitioner procedurally defaulted all issues raised, and that the issues are matters of state law and are thus non-cognizable in habeas. (ECF No. 9.) Respondent was not ordered to, and did not, file a response to Petitioner's motion to amend the petition or the accompanying amended petition.

9

## II.    Legal Standard

### A. Screening and summary dismissal standard

Upon receipt of a habeas corpus petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.'" *Crump v. Lafler*, 657 F.3d 393, 396 n. 2 (6th Cir. 2011) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). A habeas petition may also be summarily dismissed if it does not set forth facts that give rise to a cause of action under federal law. *See Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001).

The Sixth Circuit disapproves of ordering a response to a habeas petition "until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No response to a habeas petition "is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the

petition itself without need for consideration of a response." *Id.*; *see also* 28 U.S.C

§ 2243.

**B. AEDPA standard of review**

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, imposes

the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"A state court's decision is 'contrary to' . . . clearly established law if it

'applies a rule that contradicts the governing law set forth in [Supreme Court cases]'

or if it 'confronts a set of facts that are materially indistinguishable from a decision

of [the Supreme] Court and nevertheless arrives at a result different from [that]

precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S.

685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a

federal habeas court to 'grant the writ if the state court identifies the correct

governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case.'" *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation and citation omitted). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102. Pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the

Supreme Court. *Id*. Although section 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, a federal court may grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id*. A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-

court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.*; *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III.   Discussion

As explained in more detail below, Petitioner is entitled to amend his petition following his resentencing on remand from the state court of appeals and his motion

to amend will be granted. However, after undertaking the review required by Rule 4, the Court concludes the issues raised in the amended petition may be resolved without an answer from Respondent. Petitioner's claims in his amended petition are meritless on their face, and the petition will be summarily denied. *See McIntosh v. Booker*, 300 F.Supp.2d 498, 499 (E.D. Mich. 2004).

The issues raised in the original petition also lack merit. The Court's analysis of those claims follows its discussion of the issues raised in the amended petition.

## A. Petitioner's motion to amend his petition

Petitioner is entitled to amend his petition as a matter of right. In Petitioner's first appeal by right, the Michigan Court of Appeals remanded Petitioner's case for resentencing. *Johnson I*, 2015 WL 6438255, at *11. The appellate court found the trial court erred in sentencing Petitioner to a minimum fifteen-year sentence for the first-degree criminal sexual conduct conviction. *Id.* at *7. It ordered the lower court to impose a twenty-five-year minimum sentence term on Petitioner as mandated by Michigan's habitual offender sentencing enhancement scheme. *Id.* at *7, *11. The resentencing took place on May 20, 2019.

Petitioner then appealed by right, challenging the mandatory minimum as unconstitutional and raising other issues related to the calculation of his guidelines range on resentencing. *Johnson III*, 2020 WL 6816512, at *7. The state court of

appeals affirmed Petitioner's sentences, *id.*, and on April 27, 2021, the Michigan Supreme Court denied leave to appeal. 507 Mich. 933 (2021).

Petitioner filed his motion to amend his petition on March 7, 2022, less than one year later. (ECF No. 12.) The Sixth Circuit explains that, as in Petitioner's case, a new, "worse-than-before" sentence imposed on a prisoner is a new judgment which resets the one-year AEDPA statute of limitations. *Crangle v. Kelly*, 838 F.3d 673, 677, 678 (6th Cir. 2016) (citing *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015)) (other citation omitted). Because Petitioner's amended petition was filed within the AEDPA limitations period, it is timely. The Court will grant Petitioner's motion to amend his habeas petition to add six new issues. However, because the issues raised in the amended petition are meritless on their face, the Court need not order a response to the petition. Rule 4, Rules Governing Section 2254 Cases; *Allen*, 424 F.2d at 141.

## B. All claims raised in amended petition are without merit

Petitioner first argues the twenty-five-year mandatory minimum violated his right to be free from cruel and/or unusual punishment. The Michigan Court of Appeals affirmed the sentence after evaluating Petitioner's argument in detail against both the federal and Michigan constitutions, and as both a facial and as-applied challenge. *Johnson III*, No. 349447, 2020 WL 6816512, at *2-*6.

16

A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or to non-parolable life, and his sentence falls within the maximum penalty under state law. That is, first-degree criminal sexual conduct is punishable "by imprisonment for life or any term of years." Mich. Comp. Laws § 750.520b(2)(a).

Moreover, the United States Constitution does not require strict proportionality between a crime and its punishment. *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000) (citing *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991)). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Id.*; *see also Lockyer*, 538 U.S. at 77 ("The gross disproportionality principle reserves a constitutional violation for only the extraordinary case"); *Ewing v. California*, 538 U.S. 11, 36 (2003). The state court noted Petitioner "brutally raped a friend's 61-year-old mother whom defendant referred to as 'Mom'"; and cited a nurse's testimony that the victim's injuries included "blunt force trauma to the vaginal canal" and "large vaginal tears, the size

of which the nurse had never seen before." *Johnson III*, No. 349447, 2020 WL 6816512, at *1. The victim herself described being in "terrible pain, [and] that her pants were full of blood as a result of the attack." *Id.* Petitioner's sentence does *not* present the extraordinary case that would run afoul of the Eighth Amendment's ban on cruel and unusual punishment.

Next, Petitioner's sixth, eighth, and ninth claims of error challenge the scoring of both prior record and offense variables in calculating his sentencing guidelines range under the Michigan sentencing scheme. (*See* ECF No. 11, PageID.1996, 2001, 2003.) Petitioner is not entitled to habeas relief on this issue because these are questions of state law and because his sentence does not otherwise violate constitutional protections.

In general, "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus," and federal habeas relief is not available for errors of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). More specifically, "[e]rrors in the application of state sentencing guidelines . . . cannot independently support habeas relief." *Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Habeas petitioners have "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly" to their sentence determinations. *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Therefore, a claim like Petitioner's, that the state trial court incorrectly scored, calculated, or applied state legislative

sentencing guidelines, is not a cognizable claim for federal habeas review because it is based solely on state law. *Paris v. Rivard*, 105 F. Supp. 3d 701, 724 (E.D. Mich. 2015) (citing *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006)).

Petitioner also argues this issue implicates his due process rights. (ECF No. 11, PageID.2003.) Habeas relief is potentially available where "[v]iolations of state law and procedure . . . infringe specific federal constitutional protections[.]" *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (citing 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62 (1991)). An alleged violation of state law "could, potentially 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003). And a criminal sentence may violate due process if it is based upon "material 'misinformation of constitutional magnitude.'" *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005) (quoting *Roberts v. United States*, 445 U.S. 552, 556 (1980)); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Such a claim requires a petitioner show that the information relied upon by the court in imposing the sentence was materially false. *Koras*, 123 F. App'x at 213 (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir.1988)); *see also United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984).

However, Petitioner does not assert that the score was based on materially false information; he simply challenges how the trial court interpreted the guidelines and applied trial testimony to the variables. Nor has he provided any other basis to find his sentence "sufficiently egregious" as to offend due process. *Bowling*, 344 F.3d at 521.

And again, because "wide discretion is accorded a state trial court's sentencing decision," habeas challenges to such sentences "are not generally cognizable upon federal habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law." *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002) (citation omitted). As explained above, Petitioner's sentence is within the statutory range for his offense. His federal and constitutional rights were not violated by any aspect of the scoring of the sentencing variables.

Petitioner's seventh claim of error is that a prior fleeing and eluding conviction was a misdemeanor that should not have counted under PRV 2 or applied to his enhancement as a habitual offender, fourth. (ECF No. 11, PageID.1998.) This argument again fails as a non-cognizable state law claim.

In Petitioner's final issue in the amended petition, he asserts that he is entitled to resentencing because "the trial court amended his sentence on its own initiative to add a mandatory minimum habitual offender sentence." (ECF No. 11,

PageID.2006.) The state court of appeals found this claim "nonsensical, as this Court ordered the trial court to resentence defendant in conformity with MCL 769.12(1)(a); the court did not do so on its own initiative." *Johnson III*, 2020 WL 6816512, at *7 (citing *Johnson I*, 2015 WL 6438255, at *7). The Court agrees with the Michigan Court of Appeals' characterization of the claim.

The amended petition is legally insufficient on its face and without merit. It will be summarily dismissed.

### C. The state court of appeals' denial of leave due to untimeliness is non-cognizable in habeas

Turning to the original petition, Petitioner first argues his due process rights were violated when the state court of appeals denied him leave to appeal the trial court's rejection of his post-conviction motion because his application for leave was untimely. The subject of the appeal, the trial court's order, was issued August 9, 2016. (Mich. Ct. App. Rec., ECF No. 10-13, PageID.1822.) Petitioner filed his application for leave to appeal nearly a year later, on July 31, 2017. (*Id.* at PageID.1814.) Petitioner simultaneously filed a motion to explain why his application was nearly six months late under the court's rules. (*Id.* at PageID.1794-95.) His reasons included his lack of a high school diploma, his need for the services of a prison legal writer, and circumstances interfering with his ability to access those services. (*Id.*)

The court denied relief, stating that the application was "DISMISSED because appellant failed to file the application within the time period required by M. C. R. 7.205(G)(3) . . ." *Johnson II*, Docket No. 339469 (Mich. App. Sept. 26, 2017). It also found Petitioner met none of the exceptions to that rule's time bar. *Id.* (citing M.C.R. 7.205(G)(4)).

The Sixth Circuit has long held that "[b]ecause state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003) (citing *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001)). The Michigan Court of Appeals' decision is based entirely on its own rules of practice, and thus, this Court must accept the court's ruling.

Petitioner argues he "has a due process right to be afforded the same latitude as other appellants that were permitted to file late appeals." (ECF No. 1, PageID.4.) But state court rulings generally do not violate due process "unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our appeal as to be ranked as fundamental." *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)) (alteration in original). No fundamental principle of justice is at stake when a state court enforces its deadline for filing an appeal for collateral relief. Petitioner is not entitled to habeas relief on this issue.

22

## D. Petitioner's jury- and transcript-related claims are procedurally defaulted and non-cognizable in habeas

The remaining three issues in Petitioner's original petition are inextricably intertwined. He argues the original trial transcript indicated he did not receive a unanimous verdict, that his due process rights were violated when the trial court corrected the transcript outside his presence, and finally, that the trial court erred in ruling against him without an evidentiary hearing. (Mich. Ct. App. Rec., ECF No. 10-13, PageID.1809, 1811.) Petitioner relies on Michigan Court Rule 6.435, which addresses correction of the record in a criminal proceeding.

The original transcript from Petitioner's jury trial indicates that when the jury was polled following delivery of its guilty verdict, one juror answered "no" when asked whether that was her decision.

THE COURT CLERK: Number two, do you agree [with the verdict]?

JUROR NUMBER TWO: Yes.

\* \* \*

THE COURT CLERK: Number five?

JUROR NUMBER FIVE: No.

\* \* \*

(Trial Tr., 4/1/2014, ECF No. 10-7, PageID.1143.) However, following completion of the jury poll, the trial court concluded that the verdict "appears to be unanimous. (*Id.*)

23

In its order rejecting Petitioner's motion for a new trial based on the juror's negative answer, the trial court explained it reviewed the video record of the jury poll several times, and agreed with the transcriber that the "[n]o" captured on the original transcript was in error. (*See* Mich. Ct. App. Rec., ECF No. 10-13, PageID.1822 (Trial Ct. Order, 8/9/2016).) The transcript was accordingly corrected to reflect a "Yes" answer by Juror Number Five. (*Id.* at PageID.1826.) Because "there was a unanimous verdict," the court found no reason to order a new trial. (*Id.* at PageID.1822.)

Respondent argues Petitioner procedurally defaulted these claims. Petitioner failed to raise them on direct appeal, and when he sought to raise them on collateral review, his application for leave to appeal at the Michigan Court of Appeals was rejected as time-barred. In addition, because the late filing was rejected, Respondent notes the three claims were not properly exhausted.

When "the procedural-bar issue . . . involve[s] complicated issues of state law[,]" judicial economy permits proceeding directly to the merits of a habeas petition. *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). Generally, however, the question of procedural default should be addressed first. *Id.* at 524; *see also Sheffield v. Burt*, 731 F. App'x 438, 441 (6th Cir. 2018) ("where a straightforward analysis of settled state procedural default law is possible, federal courts cannot justify

bypassing the procedural default issue.") The circumstances here are straightforward.

A habeas petitioner procedurally defaults a claim when "(1) [he] fails to comply with a state procedural rule; (2) the state courts enforce the rule; [and] (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim." *Theriot v. Vashaw*, 982 F.3d 999, 1003 (6th Cir. 2020) (quoting *Wheeler v. Simpson*, 852 F.3d 509, 514 (6th Cir. 2017)) (alterations in original). A state procedural rule must be "firmly established and regularly followed to constitute an adequate basis for foreclosing habeas review." *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431 (6th Cir. 2006) (citation and internal quotation marks omitted). Further, "[a] state procedural rule is an independent ground when it does not rely on federal law." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). Courts may "excuse a procedural default and review a defaulted claim on the merits if a petitioner demonstrates '(1) cause for the default and actual prejudice, or (2) that the failure to consider the claim will result in a fundamental miscarriage of justice.'" *Theriot*, 982. F.3d at 1003 (quoting *Williams v. Bagley*, 380 F.3d 932, 966 (6th Cir. 2004)).

All three prongs of the procedural default test are met here. By taking nearly a year to appeal the trial court's denial of his motion for a new trial, Petitioner failed to comply with the six-month deadline for an application for leave to appeal at the

Michigan Court of Appeals. (*See* Mich. Ct. App. Rec., ECF No. 10-13, PageID.1793.) The court enforced the deadline and rejected Petitioner's filing. *Johnson II*, Docket No. 339469 (Mich. App. Sept. 26, 2017). Michigan's court rule governing timely filings in the court of appeals is "firmly established and regularly applied[,]" *Sturgess v. Berghuis*, No. 5:06-CV-14234, 2008 WL 2937784, at *10 (E.D. Mich. July 24, 2008), and as such, presents an adequate and independent state ground for denying review. *McDaniels v. Prelesnik*, No. 08-CV-11548, 2015 WL 3441150, at *7 (E.D. Mich. May 28, 2015).

Petitioner was aware at the time he applied for leave that he had missed the filing deadline, because he filed a motion seeking permission to file an "out-of-time appeal." (ECF No. 10-13, PageID.1796.) He cited numerous difficulties which caused the delay, including mental illness, his lack of a high school diploma, and his reliance on the Prison Legal Writer program. ((*Id.* at PageID.1794-96.) Unfortunately for Petitioner, none of these facts establish the cause necessary to excuse procedural default.

Cause is ordinarily shown by demonstrating that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Neither mental illness, *pro se* status, nor ignorance of the law establish cause, because the source "must be . . . something that cannot fairly be attributed to [the petitioner,]" and these

26

are all inherent, not external, conditions. *Coleman*, 501 U.S. at 753 (citing *Murray*, 477 U.S. at 488.) Further, because prisoners are not constitutionally entitled to an attorney at post-conviction proceedings, ineffective assistance of counsel at this stage "cannot constitute cause to excuse [a] default in federal habeas." *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015) (quoting *Coleman*, 501 U.S. at 757). By extension, Petitioner's inability to obtain the services of a prison legal writer – when he would not be entitled to an attorney in the same circumstances – may not establish cause.

Because Petitioner cannot establish cause, his only alternative is the miscarriage-of-justice exception. That requires an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new, reliable evidence. *House v. Bell*, 547 U.S. 518, 536 (2006). That is, a petitioner who argues for a "fundamental miscarriage of justice" must establish that, "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* at 536–37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). But Petitioner did not assert innocence, much less provide "a colorable showing of actual innocence" as required for this exception. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (citing *McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

27

In summary, Petitioner procedurally defaulted claims II, III, and IV, and none of the exceptions for procedural default apply to his circumstances. "A petitioner who fails to satisfy state procedural requirements forfeits his right to present a habeas claim." *Bickham v. Winn*, 888 F.3d 248, 250–51 (6th Cir. 2018) (citing *Seymour*, 224 F.3d at 550). The petition will be dismissed.

Briefly, Petitioner's claims would fail as well on the merits, had he not procedurally defaulted the claim. The Sixth Amendment does require a unanimous verdict to support a conviction in state court. *Edwards v. Vannoy*, 141 S. Ct. 1547, 1552 (2021) (citing *Ramos v. Louisiana*, 590 U.S. ---, 140 S. Ct. 1390 (2020)). But two pertinent presumptions prevent Petitioner from being able to demonstrate he did not receive a unanimous verdict.

In the first, federal courts "must presume that the trial transcript accurately reflects the proceedings in the trial court." *LaPine v. Romanowski*, No. 15-11206, 2022 WL 247861, at *15 (E.D. Mich. Jan. 25, 2022) (Goldsmith, J.) (citation omitted). Petitioner relies on the original, uncorrected transcript which reflected a juror's "[n]o" answer to the question of whether they agreed with the verdict. Yet Petitioner disregards the trial court's summation on the same page that the verdict appeared to be unanimous. (Trial Tr., 4/1/2014, ECF No. 10-7, PageID.1143.) Because of this inherent conflict, at most, the transcript is equivocal on the question of unanimity.

28

The second presumption is the correctness of a state court's factual determinations on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). The presumption may only be rebutted with clear and convincing evidence. *Id.*; *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). The state trial court reported that it reviewed the video record of the trial numerous times before concluding that the juror had actually said "yes." (Trial Ct. Order, 8/9/2016, ECF No. 10-13, PageID.1822.) Petitioner presents no evidence to counter this factual finding, not even his own affidavit that he heard the juror say "no." He provides no basis to disrupt the trial court's conclusion, much less to a clear and convincing standard.

## IV.   Conclusion and Order

For the reasons stated above,

IT IS HEREBY ORDERED that Petitioner's motion to amend the petition (ECF No. 12) is GRANTED.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

The Court declines to issue a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims," a certificate of appealability should issue when the petitioner shows that "jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See id.* at 484-85. Because Petitioner has not met either standard, the Court declines to issue a certificate of appealability.

The Court also denies leave to proceed *in forma pauperis* on appeal from this decision. Although Petitioner was granted *in forma pauperis* status in this Court (ECF No. 5), an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

IT IS SO ORDERED.

Dated:  February 6, 2023                           s/Sean F. Cox
                                                    Sean F. Cox
                                                    U. S. District Judge

30